*Decision will be entered under Rule 50.*

COLUMBIA CONCERTS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105401.   Promulgated May 6, 1942.

*Max Freund, Esq.*, and *Walter J. Petschek, Esq.*, for the petitioner. *Conway Kitchen, Esq.*, for the respondent.

1074

OPINION.

ARUNDELL: We are confronted with the question of whether petitioner is entitled to a credit under section 26 (c) (1) of the Revenue Act of 1936 for a contractual restriction of dividends in the taxable year. Respondent argues that the provision of the contract specifically dealing with dividend payments restricted distribution of dividends by petitioner only from the first $54,000 of net profits of the taxable year and that a dividend in excess of petitioner's adjusted net income might have been paid from petitioner's accumulated earnings. If the contract be susceptible of such a construction under the decided cases, the credit under section 26 (c) (1) would have to be reduced by the amount of dividends which might be so paid. *Trianon Hotel Co.*, 44 B. T. A. 1073. On the other hand, where

by contract dividends may be paid only with the consent of the creditor, the contractual restriction upon dividend payment is the amount of earnings and profits which can not be distributed as dividends because of the creditor's failure to consent thereto. *Kilby Steel Co.*, 41 B. T. A. 1237. Thus, in the instant case, if the contractual restriction should apply to accumulated earnings as well as to current profits, petitioner would be entitled to a credit in the amount of the difference between petitioner's adjusted net income and the sum of the amount which CBS permitted petitioner to distribute as a dividend on the common stock and the amount paid as a dividend on preferred.

The provision for which the credit is claimed provides that "the first $54,000 of net profits earned by the * * * [petitioner] in each of its fiscal years shall not be distributed in the form of dividends unless the distribution thereof * * * shall be requested or consented to by * * * [CBS]." This provision clearly restricts payment out of current earnings. We are of the opinion that it also restricts payment out of accumulated earnings. Any other interpretation would make the contract practically a nullity. The contract was entered into so that petitioner might obtain operating capital. CBS allowed petitioner to retain funds for such purpose provided that CBS might be given some protection on its investment. The $54,000 restriction was to operate for a three-year period. The preferred stockholding of CBS had a retirement value of $162,000, exactly three times the amount of the yearly restriction. By foregoing its right to an allocable retirement of preferred stock for the three-year period, CBS was risking its investment. Accordingly, the first $54,000 of each year's earnings was to act as a cushion for the eventual retirement of the preferred stock. If petitioner were to be allowed to declare dividends out of accumulated earnings, petitioner might destroy the security of CBS by merely waiting until after the end of any fiscal year for declaration of its dividends. Current earnings become accumulated earnings if they are retained past the current year. If the contract had permitted petitioner to declare dividends out of surplus without the consent of CBS, petitioner, by retaining current earnings one day past the end of the year, might completely avoid the provisions of the contract which CBS had placed therein for its security. To the extent that CBS failed to give its permission to petitioner for payment of dividends on common, petitioner was restricted in payment of dividends on common stock from either current or accumulated earnings.

We do not think *Thibaut & Walker Co.*, 42 B. T. A. 29, is in point. In that case the contract was between the sole "stockholders-directors" and the corporation and the restriction provided for was simply to promote a conservative business policy. The restriction in the

case before us was dictated by a creditor who, it is true, was also a stockholder. The demand note of petitioner in the sum of $49,132.78 held by CBS was subject to the three-year moratorium provided for in the contract. But for the contract CBS could have called in the note at any time. For purposes of determining whether petitioner is entitled to the credit under section 26 (c) (1) CBS must be treated as a bona fide creditor.

We hold that petitioner is entitled to a credit for purposes of the surtax on undistributed profits in the amount of the excess of its adjusted net income over the amount which it could distribute without violating the terms of the contract. The latter amount in the present case is the sum of the amount which was distributed on the preferred stock of the petitioner and the amount for which CBS gave its consent to be distributed on petitioner's common stock. Petitioner is accordingly entitled to a credit in the amount of $38,603.14.

*Decision will be entered under Rule 50.*